UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-24145-Civ-WILLIAMS/TORRES

JOHN DOE, Nos. 1-5,

    Plaintiffs,

v.

RICHARD L. SWEARINGEN, in
his official capacity as Commissioner
of the Florida Department of Law
Enforcement,

    Defendant.

_____/

## ORDER ON PLAINTIFFS' MOTION TO PROCEED ANONYMOUSLY

This matter is before the Court on John Does Nos. 1-5's ("Plaintiffs") motion to proceed anonymously and to order Richard L. Swearingen ("Defendant") including his agents and attorneys not to publicly disclose Plaintiffs' identities. [D.E. 9]. Defendant responded to Plaaintiffs' motion on November 28, 2018 [D.E. 13] to which Plaintiffs replied on December 26, 2018. [D.E. 22]. Therefore, Plaintiffs' motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiffs' motion is **GRANTED in part**.

### *I.  BACKGROUND*

Plaintiffs are registered sex offenders challenging the constitutionality of Fla. Stat. § 943.0435 as infringing on their rights to be free from ex post facto laws, from

1

deprivations of their substantive and procedural due process rights, and from cruel and unusual punishment. Plaintiffs claim that they have a substantial privacy right that outweighs any need for their identifies to be disclosed. They allege that they belong to one of the most reviled group of people in the community whose members experience harassment, ostracism, hostility, and violent vigilantism because of public notifications. Plaintiffs concede Defendant's right to learn their identifies for the purpose of conducting discovery relevant to their claims, but argue that being unmasked as registrants in filing this lawsuit will magnify their notoriety and subject them to greater danger. Because of these concerns, Plaintiffs conclude that courts have routinely permitted sex offenders challenging laws that affect them to proceed anonymously.

## II.   APPLICABLE LEGAL PRINCIPLES AND LAW

Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citing *Doe v. Rostker,* 89 F.R.D. 158, 160 (N.D. Cal. 1981); *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974)). This creates a strong presumption in favor of parties' proceeding in their own names. Defendants have the right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not. *See Doe v. Smith,* 429 F.3d 706, 710 (7th Cir. 2005) ("[The plaintiff] has denied [the defendant] the shelter

2

of anonymity—yet it is [the defendant], and not the plaintiff, who faces disgrace if the complaint's allegations can be substantiated. And if the complaint's allegations are false, then anonymity provides a shield behind which defamatory charges may be launched without shame or liability."). As such, the use of fictitious names is disfavored, as "anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016).

However, the rule is not absolute. A party may proceed anonymously in a civil suit in federal court by showing that he "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Frank,* 951 F.2d at 323 (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). In evaluating whether a plaintiff has shown that he has such a right, the court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 713 (5th Cir. 1979)). Ultimately, "[i]t is within a court's discretion to allow a plaintiff to proceed anonymously." *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996).

The Eleventh Circuit has identified several factors for district courts to consider in determining whether a party should be permitted to proceed anonymously, including: (1) whether the party challenges government activity, (2)

3

whether the party will be "required to disclose information of the utmost intimacy," (3) whether the party will be coerced into admitting illegal conduct or the intent to commit illegal conduct, thereby risking criminal prosecution, (4) whether the party is a minor, (5) whether the party will be exposed to physical violence should he or she proceed in their own name, and (6) whether proceeding anonymously "pose[s] a unique threat of fundamental unfairness to the defendant." *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011). Courts may consider other factors as well based on the particularities of each case, and no single factor is necessarily dispositive. *See Frank*, 951 F.2d at 323; *see also Freedom from Religion Found., Inc. v. Emanuel Cty. Sch. Sys.*, 109 F. Supp. 3d 1353, 1356 (S.D. Ga. 2015) ("No one factor is 'meant to be dispositive;' rather, it is the court's task to 'review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'") (quoting *Francis*, 631 F.3d at 1316). Overall, proceeding anonymously is an exceptional circumstance, as there is a heavy presumption favoring openness and transparency in judicial proceedings. *See Frank*, 951 F.2d at 324.

### III. ANALYSIS

Plaintiffs' motion seeks to allow them to proceed anonymously because they are five registered sex offenders who wish to challenge the constitutionality of Florida's registration statute. Plaintiffs fear, however, that if their motion is denied they will be subjected to harassment, retaliation, threats, and violence. In other words, without anonymity, Plaintiffs believe that a Florida registrant may have to

choose between asserting his constitutional rights and ensuring his safety and security. Defendant opposes Plaintiffs' motion because the factors enumerated above do not weigh in Plaintiffs' favor nor have Plaintiffs demonstrated that this case warrants a deviation from the general rule that the public is entitled to know the participants in a federal case. We will consider each of the factors in turn.

### A. *Whether Plaintiffs are Challenging Governmental Activity*

The first factor is whether Plaintiffs are challenging governmental activity. Plaintiffs claim that this factor weighs in their favor because they are suing the Commissioner of the Florida Department of Law Enforcement – not a private party. Defendant acknowledges that this lawsuit challenges governmental activity. But, Defendants claim that "[t]his does not mean . . . that the fact the challenged activity is attributable to the government necessarily puts a thumb on the scale in favor of anonymity." *Doe v. Strange*, 2016 WL 1168487, at *1 (M.D. Ala. Mar. 24, 2016) (citing *Frank*, 951 F.2d at 324 ("[T]he fact that Doe is suing the Postal Service does not weigh in favor of granting Doe's request for anonymity.")).

Defendant's argument is well taken because, while it is obvious that Plaintiff's lawsuit challenges governmental activity, it "merely means that Defendant[] do[es] not operate under the same threat of reputational damages that private defendants face." *Id.* at *1. That is, the significance of challenging governmental activity should not be overstated. If Plaintiffs had filed this action against private individuals, this factor would carry more weight. Therefore, the fact

that Plaintiffs filed this action challenging governmental activity "does not weigh in favor of granting [Plaintiffs'] request for anonymity." *Frank*, 951 F.2d at 324.

### B. *Whether Plaintiffs Would be Required to Disclose Information of the Utmost Intimacy*

The second factor is whether Plaintiffs would be required to disclose information of the utmost intimacy. Plaintiffs claim that they must disclose information about themselves and their family members to establish the psychosocial impacts of aggressive notification. Defendant's response is that this factor does not weigh in favor of anonymity because Plaintiffs' status as registered sex offenders were already known to the public decades before this lawsuit was filed. This includes the sex offenses themselves as well as the facts of those crimes that were disclosed during Plaintiffs' criminal cases and have been available to the public for the last twenty years. Defendant also claims that the complaint and the declarations Plaintiffs submitted have already divulged a detailed list of psychological impacts. Therefore, while there is "[n]o doubt lots of parties would prefer to keep their dispute private," Defendant concludes that Plaintiffs have not demonstrated that this factor weighs in favor of anonymity. *Doe v. Milwaukee Cty.*, 2018 WL 3458985, at *1 (E.D. Wis. July 18, 2018).

Defendant is correct that Plaintiffs are registered sex offenders and that information about Plaintiffs' convictions are available in the public domain. However, "by requiring Plaintiff[s] to be named in this case, [Plaintiffs] will lose the anonymity provided by the sheer number of offenders on the registry." *Doe v. City of Indianapolis, Ind.*, 2012 WL 639537, at *2 (S.D. Ind. Feb. 27, 2012). This means

6

that without anonymity, the names of Plaintiffs will appear on all legal documents concerning this lawsuit and require Plaintiffs to identify themselves. In other words, Plaintiffs would have to publicly reaffirm their status as sex offenders and this would be an additional and unnecessary burden on Plaintiffs when they merely seek to challenge the constitutionality of a statute. What Defendant fails to appreciate is that "[a]s anonymous litigants, Plaintiffs will be able to proceed with their challenge free from fear that members of the general public will use the . . . database to track them down individually." *Strange*, 2016 WL 1168487, at *1. "It is one thing to leave the public guessing as to which registrants dared to challenge a popular statutory scheme by bringing this suit. It is quite another thing to point the public to intimate information they otherwise would not be able to associate with the litigants in this suit." *Id*. at *2. Therefore, we conclude that this factor weighs in favor of Plaintiffs' request for anonymity.

C. <u>*Whether Plaintiffs Would be Compelled to Admit Illegal Conduct*</u>

The next factor considers whether Plaintiffs would be compelled to admit illegal conduct. Plaintiffs argue in a single sentence that they would have to disclose "law violations, to establish the vagueness of . . . travel restrictions." [D.E. 9]. But, Plaintiffs argument is, at best, incomplete because it is unclear how this relates to Plaintiffs' vagueness challenge or to the definition of a "temporary residence" as incorporated within Fla. Stat. § 943.0435. Plaintiffs have simply not explained how their allegation that a portion of Fla. Stat. § 943.0435 is vague compels them to admit an intent to violate it. The complaint, for example, does not

7

even allege that Plaintiffs have established a temporary residence. Instead, it appears that Plaintiffs challenge the statute with hypothetical scenarios. If the mere allegation of vagueness against a statute with criminal penalties were enough to tip this factor in favor of Plaintiffs, it could conceivably expand the application of anonymity from the exceptional case to an entire class of lawsuits or plaintiffs. Because Plaintiffs failed to support this factor with any clarity or supporting arguments, we have no choice but to conclude that this factor does not weigh in favor of anonymity.

### D. *Whether Plaintiffs are Minors*

The fourth factor is whether Plaintiffs are minors. Plaintiffs mention in passing that this factor should be considered, yet they fail to address it in any meaningful way. In any event, "[c]ourts grant heightened protection to child victims and have concluded that complaints involving minors are matters of a highly sensitive and personal nature." *S.E.S. v. Galena Unified Sch. Dist. No. 499*, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018) (citations omitted). The reason this factor is significant in some cases is because the law in many states "shields the identities of child-litigants from public disclosure in certain circumstances." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) ("[W]e view the youth of these plaintiffs as a significant factor in the matrix of considerations arguing for anonymity here."). This factor is less relevant in this case because Plaintiffs – by their own admission – are adults ranging in age from 43 to 74 years of age. Therefore, this factor does not weigh in favor of anonymity.

### E. *Whether Plaintiffs Would be Exposed to Physical Violence*

The fifth factor is whether Plaintiffs would be exposed to physical violence. Plaintiffs claim that sex offender registrants experience a high level of violence and intimidation simply by having their names on a public registry. Plaintiffs fear retaliation if they are required to participate openly in this lawsuit because they have been described by some as "perhaps the most reviled group of people in our community," and may be labelled as opponents of a statute perceived to protect the public. *Doe v. Nebraska*, 898 F. Supp. 2d 1086, 1121 (D. Neb. 2012). Plaintiffs rely, for example, on several related cases where federal courts have allowed registered sex offenders as plaintiffs to proceed anonymously because of the severe harm that they may experience. *See Strange*, 2016 WL 1168487, at *2 ("finding that plaintiffs "would be forced to publicly identify themselves as the particular . . . registrants challenging the statutory scheme, allowing those citizens who would do harm to put names with faces and addresses.") (citation omitted); *City of Indianapolis, Ind.*, 2012 WL 639537, at *2 ("It is solidly in the record that Plaintiff and his minor son have been targeted for violence based upon Plaintiff's status as a sex offender.").

Defendant's response is that Plaintiffs' arguments are unpersuasive because the latter has only alleged a single incident of physical violence and that this does not remotely suggest that this lawsuit would create a likelihood of harm. Defendant claims that, while Plaintiffs may have faced various forms of ostracization and rejection over the years, Plaintiffs' assertion of physical violence arising from this lawsuit is purely conjectural. That is, Defendant suggests that

9

Plaintiffs have failed to establish a serious risk of physical violence against themselves and that Plaintiffs cannot rely on general allegations of bodily harm against sex offenders:

> The court would be inclined to look more favorably upon the request for relief from Rule 10(a) if plaintiffs had presented facts from which it could be more reasonably concluded that plaintiffs face a serious risk of bodily harm. Here, the persons most directly affected by, or interested in, defendants' sex crimes have likely had actual knowledge of their identities, at least since the prosecutions were commenced. The court is simply not convinced that the local community in general will turn violently upon plaintiffs if their names appear afresh in connection with sex crimes committed years ago. It may be added that while the sex offenses by Rowe and Doe are deplorable, they are not of an unusual or highly inflammatory nature. Moreover, as plaintiff Rowe has explained in an affidavit, the people who presently hire his professional services are all aware of his status.

*Rowe v. Burton*, 884 F. Supp. 1372, 1387 (D. Alaska 1994) (internal citation omitted).

Defendant takes issue, for example, with Plaintiffs' attempt to use affidavits of other sex offenders alleging unspecified threats and one alleging shots being fired into his home. Defendant claims that Plaintiffs cannot use threats of violence against others as proof of threats against themselves. *See Fla. Action Comm., Inc. v. Seminole Cty.*, 2016 WL 6080988, at *3 (M.D. Fla. Oct. 18, 2016) ("FAC produced no evidence indicating that the Does *themselves* faced a threat of violence, leading the Magistrate Judge to conclude that FAC's position was unsupported and conclusory.") (emphasis in original). In the cases where courts have allowed parties to proceed anonymously, Defendant argues that they "did so because the party produced particularized evidence demonstrating that he or she would be subjected

to violence." *Id.* (citing *Doe v. Tandeske*, 2003 WL 24085314, at *2 (D. Alaska Dec. 5, 2003) (granting party's request to proceed anonymously where party's attorney submitted affidavit describing experiences with former clients who proceeded with cases in their own names and faced retaliation as a result); *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (denying party's request to proceed anonymously where the party did not demonstrate "real, imminent personal danger"). Because Plaintiffs failed to produce evidence that *they* would be subjected to retaliation or bodily harm, Defendant concludes that this factor does not weigh in favor of anonymity.

After considering the arguments presented, we find that this factor weighs in favor of anonymity because Plaintiffs have alleged physical violence against themselves and their properties. One plaintiff claims, for example, (1) that men have assaulted him, (2) that his car windows have been smashed, and (3) that his tires and windshield have been damaged. [D.E. 1 at ¶ 82]. Another plaintiff alleges that he has had eggs thrown against his property and that neighborhood kids call him a "raper." [D.E. 1 at ¶ 79]. And other plaintiffs suggest that they have had trouble securing places of residency and employment opportunities. When coupled with the sworn declarations of other registrants recounting similar instances of violence and vandalism, Plaintiffs have submitted enough evidence that this factor weighs in favor of anonymity.

That is, "[h]aving Plaintiffs' identities revealed in connection with this litigation could exacerbate these already serious issues," because there is "a stigma

11

that ventures beyond the realm of mere personal embarrassment." *Strange*, 2016 WL 1168487, at *2 (citing *Frank*, 951 F.3d at 324 (noting that courts have permitted plaintiffs to proceed anonymously in cases involving stigmatic issues such as mental illness, homosexuality, and transsexuality)).[1] "If Plaintiffs were named," they would "be identified as the person[s] challenging the constitutionality of a statute that was created to protect the public, which could make Plaintiff[s] an even bigger target for retaliation." *City of Indianapolis, Ind.*, 2012 WL 639537, at *2. By allowing Plaintiffs to litigate this case anonymously, the risks set forth above are reduced significantly and therefore this factor weighs in favor of granting Plaintiffs' request.

### F. *Whether Anonymity Poses a Threat of Unfairness to Defendant*

The sixth factor is whether anonymity poses a unique threat of fundamental unfairness to Defendant. Plaintiffs argue that the state of Florida has little reason to demand that Plaintiffs proceed under their real names. Plaintiffs contend that they do not seek damages, making inquiry into their individual circumstances unnecessary. Plaintiffs also claim that they are prepared to provide Defendant with their identifies so long as Defendant agrees or is compelled to ensure that the information is known only to Defendant's agents who are needed to defend this case. And while the public generally has an interest in federal court proceedings, Plaintiffs suggest that the public has no particular need in this case to know

---

[1] Courts have noted that anonymous name status may be granted where the plaintiff is a minor, rape or torture victim, a closeted homosexual, or a likely target of retaliation by people who would learn his identity only from a judicial opinion or other court filing. *See Doe v. City of Chicago,* 360 F.3d 667, 669 (7th Cir. 2004).

Plaintiffs' true identities because all the relevant facts are contained in the pleadings and the public interest will be served by having this case litigated to vindicate constitutional rights.

Plaintiffs' arguments are well taken because granting the relief Plaintiffs request will not be unfair to Defendant. Defendant claims in his response that he has the right to know who his accusers are, and that Plaintiffs could avoid the effects of dispositive arguments such as res judicata, collateral estoppel, or other preclusive doctrines. But, Defendant's contentions are misplaced because Plaintiffs do not oppose the disclosure of their names to *Defendant* for purposes of litigating this case. It is merely the public dissemination of Plaintiff's identifies that is at issue. Indeed, Defendant's concerns are easily alleviated with the use of a protective order because it would allow Defendant "to access this information without disseminating it publicly," and it would "protect Plaintiffs' substantial privacy interests while allowing Defendant[] to efficiently defend against Plaintiffs claims." *Strange*, 2016 WL 1168487, at *2. This compromise satisfies the Defendant's right to know who is suing him and it allows Defendant to litigate this case while alleviating any threat of physical harm that Plaintiffs may face if their identities became public. As such, this factor weighs in favor of anonymity. *See City of Indianapolis, Ind.*, 2012 WL 639537, at *2 ("Defendants are not prejudiced because Defendants will have access to Plaintiff's personal information during the course of the trial.").

Based on all the factors enumerated above, the Court finds that Plaintiffs' privacy rights outweigh the presumption of open judicial proceedings at this pretrial stage of the case and therefore Plaintiffs' motion to proceed anonymously is **GRANTED in part**. To clarify, we limit the relief Plaintiffs seek to the pretrial stage of the case because if this action proceeds to trial, the question of anonymity may need to be revisited considering the public's interest in the possible entry of judgment invalidating a Florida statute. *See John Doe 140 v. Archdiocese of Portland in Oregon*, 249 F.R.D. 358, 361 (D. Or. 2008) ("[C]ourts are mandated to consider possible prejudice to defendants at every stage of these proceedings, and to consider whether the proceedings may be structured so as to minimize that prejudice, defendants should retain the right to refile their request later in this action, as John's claims approach trial."). At this time, however, the parties are directed to confer and agreed upon a stipulated protective order – in accordance with Rule 26(c) of the Federal Rules of Civil Procedure – and present it for the Court's consideration.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' motion to proceed anonymously is **GRANTED in part**. [D.E. 9]. The parties shall submit a stipulated protective order that safeguards Plaintiffs' identities and ensures that the parties not publicly disclose them either in a court

filing or otherwise.[2]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of January, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[2] Plaintiffs submitted an additional factor for the Court to consider – whether disclosure would deny Plaintiffs the relief they seek – but we need not explore this factor because it is subsumed in the factors discussed above. In other words, the consideration of this factor would be redundant considering the arguments already presented.