UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**Miami Division**

_____
)
**JOHN DOE #1, et al.,** )
)
    *Plaintiffs*, )
)
v. )
) Case No. 18-24145-CV-KMW
)
**RICHARD L. SWEARINGEN**, in )
his official capacity as Commissioner )
of the Florida Department of Law )
Enforcement, )
)
    *Defendant*. )
_____)

## UNOPPOSED MOTION TO AMEND FIRST AMENDED COMPLAINT

**COME NOW THE PLAINTIFFS,** by and through their undersigned counsel, and herein move this Court, pursuant to Fed. R. Civ. P. 15(a)(2) and 16(b)(4), to amend their First Amended Complaint to add another John Doe plaintiff. In support of this motion, Plaintiffs state as follows:

1. On December 5, 2019, John Doe 4 was voluntarily dismissed from this lawsuit after the trial court exercised its discretion and ordered his release from the Florida registry on August 27, 2019 pursuant to §943.0435 (11)(a) 3., Fla. Stat. (2019).  *See* DE:93, 94.

1

2. On December 9, 2019, John Doe 2 was voluntarily dismissed from this lawsuit after undersigned learned that he was too ill to proceed. *See* DE:96, 97. John Doe 2 had suffered bladder cancer before this lawsuit was filed. He was receiving post-surgical care by his family in Israel when he suffered a stroke which severely impaired his vision, mobility and mental status. Although undersigned anticipated John Doe 2's return to Florida last July, his health has continued to deteriorate to the degree that he is now unable to leave Israel at any time in the foreseeable future. Even if he were eventually well enough to return, it is highly unlikely he will regain his health sufficiently to pursue this litigation.

3. John Does 3 and 5 are both in their seventies and experiencing various degrees of ill-health. Although both are well enough now to pursue this litigation, their conditions could deteriorate during the characteristically long lifespan of this kind of litigation.

4. In order to ensure the continuing viability of a lawsuit that may take years to resolve, the Plaintiffs seek to add one relatively younger plaintiff who can assert the same constitutional claims on their face and as applied to him: John Doe 7, 52 years old.

5. The Court's scheduling order set a deadline of July 1, 2019, for amending the complaint. Granting leave to file this belated amendment to add a new

John Doe would not prejudice Defendant. Defendant has not yet begun propounding discovery, and trial is nearly one year away. Indeed, Defendant has provided his written consent to the relief sought herein. *See* Exhibit 1.

6. Furthermore, amending the complaint at this time will have no impact on Defendant's pending motion to dismiss, or on oral argument on that motion. The Second Amended Complaint merely substitutes one new John Doe for the two who have been recently dismissed. All remaining allegations are unchanged. Because the motion to dismiss does not address any of the Does' individual allegations, the substitution of a new John Doe for the two who have been dismissed has no impact on the arguments presented in support of and/or opposition to the motion to dismiss.

## MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 16(b)(4), where a plaintiff's motion to amend his complaint is filed after the deadline set by the Court's Scheduling Order, he must show good cause why leave to amend should be granted. *Smith v. Sch. Bd. Of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007). The good cause standard allows for relief for parties who were diligent in seeking the extension. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

In determining whether a movant has been diligent, this Court should consider: (1) whether movant failed to ascertain facts prior to filing his complaint or acquiring information during discovery; (2) whether the information supporting the proffered amendment was available to movant; and (3) whether, even after acquiring the information, movant delayed in seeking amendment. *Pioneer Int'l (USA), Inc. v. Reid*, No. 207-CCV-84FTM34, 2007 WL 4365637, at *2 (M.D. Fla. 2007).

The Court's Scheduling Order set a deadline of July 1, 2019, for amending the complaint. Plaintiffs could not have reasonably predicted that John Doe 4 would secure relief from registration. His removal from the registry was based upon the broad discretion statutorily accorded trial courts to determine the merits of removal petitions after the expiration of a prescribed time period, which discretion is in turn to be informed statutorily by prosecutorial advice and input, *see* §943.0435(11)(a)3., Fla. Stat. (2019).  Therefore, the discretionary granting by the court of his removal from the registry could not have been reasonably predicted or foreseen by Plaintiffs.

Undersigned counsel learned of the information on August 17, 2019, the date of the order granting John Doe 4's petition for release from the registry. Plaintiffs waited thirty days after the order granting release, the period within which the State could seek an appeal of the order.  *See* Fla. R. App. P. 9.110(b).  Once the thirty days had expired, plaintiffs waited additional time, to ensure that the relief granted by the order was in fact effectuated.

At the same time, undersigned counsel was monitoring the situation of John Doe 2, who had undergone surgical treatment for bladder cancer shortly before the original complaint was filed. Following cancer treatment here, John Doe 2, originally from Israel, returned to have his family care for him. While in Israel, he suffered a stroke that impaired his vision, mobility and mental status. Although he was originally anticipated to return to Florida this past July, he was too unwell to do so then. Since then, his health has continued to deteriorate. Two weeks ago, counsel learned it was highly unlikely John Doe 2 would ever be able to return to his home; and if he could, he would be too unwell to pursue this litigation.

This Court should grant this motion to amend the complaint pursuant to Fed. R. Civ. P. 16(b)(4). *See Griffith v. Landry's, Inc.*, 2017 WL 110002194 (M.D. Fla., Nov. 22, 2017) * 3-4 (leave to add plaintiff beyond deadline granted where defendant settled claims brought by two original plaintiffs, in absence of prejudice to defendant).

Pursuant to Fed. R. Civ. P. 15(a)(2), a pleading may be amended outside the limits set by the Scheduling Order if the opposing party consents in writing, or with the Court's leave, which should "freely" be given "when justice so requires." *See Forman v. Davis*, 371 U.S. 178, 182 (1962) ("If the facts and circumstances relied upon by a plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any declared or

5

apparent reason – such as undue delay, bad faith or dilatory motive on the part of the movant. . .[or] undue prejudice to the opposing party – the leave sought should, as the rules require, be 'freely given.'").

In particular, leave should freely be granted to add plaintiffs in the absence of prejudice to defendant. *See Lukas v. United States*, 133 F.Supp. 3d 284, 288 (D. Mass. 2015) (belated amendment to add plaintiff granted where no dilatory motive or bad faith, and no prejudice to defendant because trial not imminent and claim arose from same set of facts); *Employees Committed for Justice v. Eastman Kodak, Co.*, 407 F.Supp.2d 423, 435, 437 (W.D.N.Y. 2005) (plaintiffs allowed to add associational plaintiff in lawsuit alleging pattern and practice of racial discrimination, where additional plaintiff would facilitate proof of systemic racism and defendant evinced no prejudice); *Daniel v. Fulwood*, 810 F.R.D. 5, 8 (D.D.C. 2015) (granting amendment to add plaintiffs where all but one of the original plaintiffs were paroled thereby mooting their ex post facto claims against parole commission).

Plaintiffs seek the amendment in good faith without undue delay or dilatory motive. Defendant Swearingen has consented in writing to this amendment, *see* Exhibit 1, on which basis alone relief may be granted. Fed. R. Civ. P. 15(a)(2). Furthermore, the amendment in no way prejudices Defendant, because he has not yet engaged in discovery concerning the individual Does, and trial is set nearly one

year from now. Amending the complaint now by adding a plaintiff who is middle-aged and healthy, much like the now-dismissed John Doe 4, fortifies the lawsuit's continuing viability.

**WHEREFORE,** Plaintiffs respectfully request that this Court exercise its discretion to grant leave to file the attached amended complaint beyond the deadline set in the Scheduling Order.

Respectfully submitted,

s/*Valerie Jonas*

Valerie Jonas, Esq.
Florida Bar No. 616079
valeriejonas77@gmail.com
WEITZNER AND JONAS, P.A.
40 NW 3rd Street. Suite 200
Miami, FL 33128
Phone (305) 527-6465
***Attorney for Plaintiffs***


s/*Todd G. Scher*

Todd G. Scher
Fla. Bar No. 0899641
tscher@msn.com
Law Office of Todd G. Scher, P.L.
1722 Sheridan Street #346
Hollywood, FL 33020
Tel:  754-263-2349
Fax: 754-263-4147
***Attorney for Plaintiffs***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed today, December 19, 2019, the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all persons registered to receive electronic notification for this case, including all opposing counsel.

                                                By:   *Todd G. Scher*
                                                     TODD G. SCHER