UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-24145-CIV-WILLIAMS

JOHN DOE 1, *et al*,

    Plaintiffs,

vs.

RICHARD L. SWEARINGEN,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint. (DE 103). Plaintiffs filed a Response (DE 109) and Defendant filed a Reply (DE 125). On November 17, 2020, the Court held a telephonic hearing and heard oral arguments from the Parties. For the reasons discussed during the hearing, and as further provided below, Defendant's Motion is **GRANTED**.

**I.    BACKGROUND**

Plaintiffs challenge the constitutionality of the Florida Sex Offender Registration Law ("Florida Sex Offender Statute"), Fla. Stat. § 943.0435. Since their initial filing in 2018 (DE 1), Plaintiffs have twice amended their complaint. (DE 50; DE 102). And through the course of this action, several Plaintiffs have voluntarily dismissed their claims against Defendant. The remaining Plaintiffs are John Doe 1, John Doe 7, and Next Friend Jane Doe, the older sister of former Plaintiff John Doe 6. According to the Second Amended Complaint ("the Complaint"), the Florida Sex Offender Statute has evolved from its 1997 version into "a labyrinthine trip-wired maze of ever-increasing affirmative requirements and ever-widening notification that lasts for life, regardless of the nature of the qualifying

offense, or the individual's actual or actuarial risk of reoffense." (DE 102). Accordingly, Plaintiffs claim that application of the Florida Sex Offender Statute violates 1) the federal guarantee against *ex post facto* laws; 2) the cruel and unusual punishment clause of the Eighth Amendment; 3) procedural due process under the Fourteenth Amendment; 4) substantive due process under the Fourteenth Amendment; and 5) the right to privacy under the Florida constitution. *Id.*

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations in the complaint. *See GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *See Speaker v. U.S. Dep't. of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). Although a plaintiff need not provide "detailed factual allegations," a complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates "actual proof of those facts is improbable" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).

**III.     ANALYSIS**

Defendant first argues in its Motion to Dismiss that "Plaintiffs' claims are time barred because despite their references to recent amendments, the underlying basis for the claims accrued long ago." (DE 103). Defendant further asserts that even if Plaintiffs' claims are not time barred, they are "all substantively defective" under existing Supreme Court and Eleventh Circuit precedent. *Id.* While the Court does not discount Plaintiffs' assertion that existing precedent may not at least explicitly acknowledge the evolving mandates of the Florida Sex Offender Statute, the Court does not at this time consider the merit of this argument or otherwise assess the plausibility of Plaintiff's claims because, as set forth below, and for the reasons stated during the November 17, 2020 hearing, Plaintiffs' claims are time barred.

The Parties agree that the statute of limitations governing Section 1983 claims arising in Florida is four years. The Parties' disagree, however, as to when that limitations period begins to accrue. Specifically, Defendant argues that Plaintiffs' claims accrued at the time Plaintiffs would have known of the alleged injuries and "[t]he fact that § 943.0435 has been amended over the years does not allow Plaintiffs to continuously re-set the limitations period." *Id.* In contrast, Plaintiffs aver that the continuing violation doctrine applies to their claims and, therefore, extends the statute of limitations. Plaintiffs state they "do not challenge their designation. They challenge the constitutionality of second-generation registration burdens and the continuing threat of imprisonment for failing to

meet them."[1] (DE 109). The Court agrees with Defendant that this argument is foreclosed by Eleventh Circuit precedent.

As an initial matter, the Court notes that Plaintiffs have not disputed that they have been subject to the Florida Sex Offender Statute's requirements beyond the four-year period preceding this action. Nor have Plaintiffs pled that their challenges and alleged injuries are tailored specifically to amendments enacted within the limitations period.[2] Instead, as stated, Plaintiffs assert that the continuing violation doctrine applies and extends the limitations period because they challenge the "second-generation registration burdens and the continuing threat of imprisonment for failing to meet them." (DE 109).

"The continuing violation doctrine permits a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period." *McGroarty v. Swearingen*, 977 F.3d 1302, 1307 (11th Cir. 2020) (quoting *Ctr. For Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006)). The Eleventh Circuit has "limited the application of the continuing violation doctrine to situations in which a reasonably prudent plaintiff would have been unable to determine that a violation had occurred." *Ctr. For Biological Diversity*, 453 F.3d at 1335. "If an event or series of events

---

[1] Plaintiffs do not define "second-generation registration burdens" as pertaining to any specific amendment or amendments. As Plaintiffs elsewhere state that their "claims are based on the aggregate impact of *all* of the statute's interlocking requirements, not just the notification provisions," the Court construes "second-generation burdens" to refer to the effects of amendments enacted following the initial 1997 version of the Florida Sex Offender Statute. (DE 109). This is also consistent with Plaintiffs' representations during the November 17, 2020 hearing.

[2] As Plaintiffs filed this action on October 18, 2018, Defendant maintains that to the extent Plaintiffs can challenge amendments, they are limited "to the amendments passed in 2015 or later because the last 2014 amendment became effective on October 1, 2014 (17 days beyond the limitation period)." (DE 125). During the November 17, 2020 hearing, Plaintiffs did not dispute that a four-year limitations period would encompass amendments passed in 2015 or later.

should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine[.]" *Id.* (internal quotations omitted).

Plaintiffs have not provided any basis for the Court to find that the continuing violation doctrine applies here. While the Court agrees that "decades of amendments" have markedly changed the Florida Sex Offender Statute, Plaintiffs have not alleged that they have been unable to determine a violation occurred over the course of those amendments.[3] The Eleventh Circuit has made clear its refusal "to apply the continuing violations doctrine to plaintiffs who were able to avoid the problem by filing within the statute of limitations period: The continuing violation doctrine is premised on the equitable notion that the statute of limitations ought not to begin to run until facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated." *McGroarty v. Swearingen*, 977 F.3d 1302, 1308 (11th Cir. 2020) (internal quotations omitted).

Moreover, courts considering this issue have affirmatively found that the continuing violation doctrine does not apply. *See e.g.*, *Meggison v. Bailey*, No. 6:13-CV-794-ORL-37, 2013 WL 6283700, at *3 (M.D. Fla. Dec. 4, 2013), *aff'd*, 575 F. App'x 865 (11th Cir. 2014) ("Plaintiff's ongoing requirement to register and report as a sex offender is a consequence of a one-time action: his classification as a sex offender under the registration statute."); *McGroarty v. Swearingen*, 977 F.3d at 1307–08 ("McGroarty's argument fails to appreciate the limits of the continuing violation doctrine—he has alleged

---

[3] Plaintiffs' indicate in their Complaint that the statute was amended in 1998, 2000, 2002, 2004, 2005, 2007, 2009, 2010, 2012, 2013, 2014, 2016, 2017, and 2018.

5

a continuing harm (which does not extend the limitations period), not a continuing violation (which may extend the period)."); *Gonzalez v. Swearingen*, No. 8:15-CV-1617-T-27MAP, 2015 WL 13741739, at *1 (M.D. Fla. Dec. 1, 2015), *report and recommendation adopted*, No. 815CV01617T27MAP, 2016 WL 554585 (M.D. Fla. Feb. 10, 2016) ("Moreover, if the Plaintiff is arguing that he is suffering from some sort of continuing violation due to a present obligation to register as a sex offender and that Florida's sex offender registration scheme should not apply to him because the registration demands postdate his conviction, he is wrong.").

Plaintiffs have sought to distinguish their claims from existing authority by arguing that this is not a "one-time act" case because Plaintiffs "do not challenge their designation" but rather the "constitutionality of second-generation registration burdens and the continuing threat of imprisonment for failing to meet them." (DE 109). However, Plaintiffs' distinction between their designation as sex offenders and the ensuing registration burdens does not pass muster in a statute of limitations analysis. For example, in *Meggison*, the court explained that while the determination that a person is a sex offender required by statute to register "has continued consequences—**reporting and complying with updated requirements**—the injuries were caused by a one-time act nevertheless." *Meggison v. Bailey*, 2013 WL 6283700, at *3 (emphasis added). Notably, the Eleventh Circuit reviewed and affirmed the *Meggison* court's finding and reiterated that the continuing violation doctrine does not apply. *Meggison v. Bailey*, 575 F. App'x 865, 867 (11th Cir. 2014) ("We also reject Meggison's argument that his claim is timely under the continuing-violation doctrine.").

And, even if the Court accepted Plaintiffs' argument, it is not enough for Plaintiffs to merely state that they challenge "second-generation burdens and the continuing threat of imprisonment for failing to meet them." (DE 109). The Florida Sex Offender Statute has been repeatedly amended, creating the alleged second-generation burdens as early as 1998. Plaintiffs have not pled—neither in their briefing, nor during the oral arguments held on Defendant's motion to dismiss—that despite "decades of amendments" they, or "a reasonably prudent plaintiff[,] would have been unable to determine that a violation had occurred." *Ctr. For Biological Diversity v. Hamilton*, 453 F.3d 1331, 1335 (11th Cir. 2006). Because Plaintiffs "could have asserted [their claims] as soon as the allegedly wrongful enforcement of the registration requirements occurred," the Court finds that the continuing violation doctrine does not apply. *Meggison*, 575 F. App'x at 867; *see also Ctr. For Biological Diversity*, 453 F.3d at 1335 ("If an event or series of events should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine[.]"); *see also McGroarty*, 977 F.3d at 1308-1309 ("McGroarty knew or should have known of his claimed injury by March 2012 when he received the letter from FDLE stating that he had continuing registration requirements under the statute which allowed the publication of his personal information.").

Accordingly, as the continuing violation doctrine does not extend the limitations period, Plaintiffs' claims are time barred. In light of this finding, the Court does not reach Defendant's remaining arguments, but notes that Eleventh Circuit precedent appears to

7

preclude the advancement of certain claims.[4] *See e.g., Doe v. Moore*, 410 F.3d 1337 (11th Cir. 2005); *Addleman v. Fla. Attorney Gen.*, 749 F. App'x 956 (11th Cir. 2019); *Houston v. Williams*, 547 F.3d 1357 (11th Cir. 2008); *Chrenko v. Riley*, 560 F. App'x 832 (11th Cir. 2014).

## IV.  CONCLUSION

For the foregoing reasons, and for the reasons identified during the November 17, 2020 telephonic hearing, Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint (DE 103) is **GRANTED**. As Defendant has raised its statute of limitations argument in previous motions to dismiss, and as Plaintiff has filed three complaints in this matter, the Court does not find further amendment appropriate. Accordingly, Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.[5]

---

[4] While the Court agrees with Defendant that the cases it relies on are binding precedent, the Court notes that in those cases, the Eleventh Circuit has not addressed the numerous amendments to the Florida Sex Offender Statute, which have changed the requirements registrants are subject to under the Statute. *See e.g.*, *Addleman v. Fla. Attorney Gen.*, 749 F. App'x 956, 958 (11th Cir. 2019) *(citing Doe v. Moore*, 410 F.3d 1337 (11th Cir. 2005) for the proposition that the Florida Sex Offender Statute does not unreasonably burden a sex offender's right to travel).

[5] The Parties submitted multiple notices of supplemental authority following their briefing. Defendant's motions to strike two of Plaintiffs' notices (DE 134; DE 197) are well taken. As Plaintiffs' notices (DE 133; DE 196) did not direct the Court's attention to new legal authority or evidence that was not available at the time of their briefing, the Court does not consider the authority provided therein, and grants Defendant's motions. The Court notes, however, that the numerous timely notices of supplemental authority submitted by the Parties highlight the evolving nature of the issues in this case and various courts' reconsideration of issues previously foreclosed by precedent.

**DONE AND ORDERED** in chambers in Miami, Florida, this 23rd day of November, 2020.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE