UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CIV-24145-WILLIAMS/TORRES

**JOHN DOES et al.,**

    Plaintiffs,

vs.

**MARK GLASS,**[1]

    Defendant.

_____/

## SECOND JOINT STATUS REPORT

Plaintiffs and Defendant (the "Parties") file this Second Joint Status Report pursuant to the Court's Paperless Order (the "Order") entered on March 29, 2024. ECF No. 235.

In the Order, this Court continued the stay previously ordered on November 20, 2023. *See* ECF No. 232. This Court continued the stay in part because the deadline for the parties in *Harper* to file notices of appeal and post-judgment motions had not yet tolled. Ultimately, the parties in *Harper* did not file notices of appeal or post-judgment motions pursuant to Fed. R. Civ. 59(e). Therefore, the *Harper* final judgment shall not be altered.

This Court also ordered that the Parties provide a second joint status report "including (1) an analysis of how the decision in *Harper v. Glass* impacts the issues in this case, (2) how the Parties would proceed if the stay were lifted, and (3) whether mediation is appropriate." ECF No. 235. The Parties submit the following analysis in accord with the Court's Order.

    1) **How the *Harper v. Glass* decision impacts the issues in this case**

---

[1] Mark Glass, the current Commissioner of the Florida Department of Law Enforcement ("FDLE"), replaced Richard Swearingen as defendant per Fed. R. Civ. P. 25(d). ECF No. 236.

In *Harper v. Glass*, Judge Hinkle found that requiring registrants of Florida's sex offender registry (such as Plaintiffs) to report travel in-person to the Florida Department of Highway Safety and Motor Vehicles ("DHSMV") was unconstitutional:

> Florida's requirement for registrants to report travel for as little as three days is constitutional. But the statutory requirement for duplicative reporting of in-state travel—once to DHSMV in person, and "also" to a sheriff's office—is not. This order redresses the constitutional violation by striking down the useless requirement to report temporary travel to DHSMV, leaving in place the requirement to report to a sheriff's office.
>
> The statute does not require the report to the sheriff's office for in-state travel to be made in person. Absent a legislative endorsement of any reason for an in-person report, the substantial burden of reporting in that manner does not survive rational-basis scrutiny. This order affords the Commissioner 60 days to effect the necessary change.

4:21-cv-85, (N.D. Fla. Mar. 25, 2024), ECF No. 129 at 24–25. Judge Hinkle also ordered that Defendant establish a system for online reporting of travel to local sheriffs' offices. *Id.* at 26. As a result of that Order, Defendant has now established a system for online reporting of travel to local sheriffs' offices.

Plaintiffs submit that this Court is not bound by the decision of another district court on the same or similar claim, however, the fact that the relief sought here with respect to in-state travel reporting has already been implemented by Defendant has effectually resolved the same claim here in Plaintiffs' favor.

**2) How the Parties would proceed if the stay were lifted**

If the stay were lifted, Plaintiffs would ask that this Court to enter judgment in their favor on the claim resolved in favor of Harper. They would seek to litigate only the strict liability claim, particularly as applied to John Doe 6, who Plaintiffs allege suffers from severe cognitive deficits, and would voluntarily dismiss the remaining claims. The parties acknowledge that they may need to amend their motion to dismiss and response, and plaintiffs believe additional discovery may be

2

necessary given the significant passage of time and developments in the case law. Defendant may assert that the Plaintiffs are precluded from proceeding on the strict liability claim as a result of Judge Hinkle's dismissal of that claim in the Harper case.

### 3) Whether mediation is appropriate

The Parties do not believe mediation is appropriate. As the Commissioner of FDLE (a state agency), Defendant can neither deem the challenged statute unconstitutional nor amend the statute. Thus, even if the Parties attend mediation, Defendant cannot grant Plaintiffs' requested relief.

Respectfully submitted,

*/s/ Alexander K. Beg*
Alexander K. Beg
Assistant Attorney General
Florida Bar No. 1042019
Office of the Attorney General
110 S.E. 6th Street, 10th Floor
Fort Lauderdale, FL 33301
Tel:   954-712-4600
Fax:   954-527-3702
Alexander.Beg@myfloridalegal.com
Counsel for Defendant

*/s/ Martha Hurtado*
MARTHA HURTADO
Senior Assistant Attorney General
Florida Bar No. 103705
OFFICE OF THE ATTORNEY GENERAL
110 S.E. 6th Street, 10th Floor
Fort Lauderdale, Florida 33301
Telephone:   954-712-4600
Facsimile:   954-527-3702
Martha.Hurtado@myfloridalegal.com
Counsel for Defendant

s/*Valerie Jonas*
Valerie Jonas, Esq.
Florida Bar No. 616079
valeriejonas77@gmail.com
WEITZNER AND JONAS, P.A.
40 NW 3rd Street, Suite 200

                              Miami, FL 33132-1430
                              Phone (305) 527-6465
                              Attorney for Plaintiffs

                              s/*Todd G. Scher*
                              Todd G. Scher
                              Fla. Bar No. 0899641
                              tscher@msn.com
                              Law Office of Todd G. Scher, P.L.
                              1722 Sheridan Street #346
                              Hollywood, FL 33020
                              Tel:  754-263-2349
                              Fax: 754-263-4147
                              Attorney for Plaintiffs