**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

No. 1:18-CIV-24145-WILLIAMS/TORRES

**JOHN DOES** *et al.*,

    Plaintiffs,

vs.

**MARK GLASS**,

    Defendant.

_____/

**PROPOSED SCHEDULE OF THE PARTIES**

Plaintiffs and Defendant (hereinafter "the Parties") herein file this Proposed Schedule containing the information requested by the Court in its paperless order issued on May 15, 2024 (ECF:238). Specifically, the Court requested that it be provided with a schedule containing (1) a list of the remaining plaintiffs and claims in this action, and (2) an explanation of how the parties wish to proceed with respect to each remaining claim, including an explanation of how they wish to handle the claim(s) they believe were resolved by Judge Hinkle. The Court also called to the parties' attention the recent decision by the Eleventh Circuit in *Rosell v. VMSB LLC*, 67 F. 4th 1141 (11th Cir. 2023).

Because some of the information requested by the Court involves plaintiff-specific matters, the parties will devote the first section of this filing to plaintiffs'

answers to those questions. Defendant will then provide information in response to the Court's questions that are relevant to him.

**Information from plaintiffs:**[1]

1. The remaining plaintiffs are John Doe 1, Jane Doe as next friend of John Doe 6, and John Doe 7.

2. Plaintiffs wish to pursue the following claims:

    i. Claim III-A (strict liability following a first arrest);[2] and

    ii. Claims IV-A and IV-C (substantive due process/right to travel).

The Eleventh Circuit held that the aforementioned claims are not barred by the statute of limitations. *Doe as Next Friend of Doe #6 v. Swearingen*, 51 F. 4th 1295, 1308-10 (11th Cir. 2022).

Plaintiffs acknowledge the holding in *Rosell* that Fed. R. Civ. P. 41(a)(1) and (a)(2) do not permit plaintiffs to voluntarily dismiss individual claims they no longer wish to pursue. *Rosell,* 67 F. 4th at 1143. *See also Perry v. Schumacher Grp. of Louisiana*, 891 F.3d 954, 958 (11th Cir. 2018); *In re Esteva*, 60 4th 664, 677 (11th

---

[1] Plaintiffs acknowledge that some of the information being provided herein differs somewhat from their position as set forth in the earlier status report (ECF:237). This is so in light of the *Rosell* decision cited by the Court and due to the specific type of information the Court asked the parties to provide in its paperless order of May 15, 2024 (ECF:238).

[2] The claim numbers refer to how the claims are enumerated in Plaintiffs' Second Amended Complaint (ECF:102).

Cir. 2023). They will instead move to amend their Second Amended Complaint (ECF:102), pursuant to Fed. R. Civ. P. 15 to raise only the above claims. *See Rosell*, 67 F. 4th at 1144; *Perry*, 891 F.3d at 958. **They seek a period of 45 days within which to do so.**

3. This Court has also asked for an explanation of how the parties wish to proceed with respect to each remaining claim, including an explanation how they wish to handle the claim(s) they believe were resolved by Judge Hinkle. Plaintiffs provide the following explanation in response to the Court's request:

   i. With respect to Claims IV-A and IV-C, although Judge Hinkle granted relief in part in *Harper* on aspects of her substantive due process/right to travel claim, his order has no binding effect on this Court. *See United States v. Cerceda,* 172 F. 3d 806, 812, n. 6 (11th Cir. 1999) (en banc) (noting that the "[o]pinion of a district court carries no precedential weight, even within the same district."). Despite the relief granted in *Harper,* there has been no legislative change to the portions of § 943.0435 (4)(a) that Judge Hinkle found unconstitutional. Absent a statutory change, nothing in the relief afforded in *Harper* prevents plaintiffs here from facing arrest and/or prosecution.

   ii. With respect to Claim III-A (the strict liability claim), Judge Hinkle's dismissal of this claim in *Harper* has no binding effect on this Court for the reasons set forth above. In addition, John Doe 6 has severe cognitive deficits that prevent

him from being able to comply with the statute and has already incurred arrests for non-compliance. *See Doe as Next Friend of Doe #6*, 51 F.4th at 1302 ("John Doe 6 suffers from a mental disability that requires him to depend on his sister, Next Friend Jane Doe, to comply with his registration requirements ... Before his sister began helping him, John Doe 6 was arrested twice for failing to comply with requirements he did not understand."); *id.* at 1300-01 ("Violations of the registry law are still a third-degree felony, but a registrant is limited to asserting a defense of lack of notice one time; that defense is unavailable in future prosecutions. *See* 2004 Fla. Laws Ch. 2004-371, *codified at* Fla. Stat. § 943.0435(9)(c)-(d) (2004)"). The strict liability claim in this case is on its face and as applied to those like John Doe 6 who are disabled. Ms. Harper did not litigate this aspect of that provision, because she is not disabled.

In conclusion, plaintiffs wish to proceed with Claim III-A, Claim IV-A, and Claim IV-C.[3]  Per *Rosell,* they request a period of 45 days within which to file their motion seeking leave to file an amended complaint.

**Information from defendant.**

---

[3] Plaintiffs notes that defendant has indicated he will file a motion to dismiss a future amended complaint in order to raise potential defenses such as mootness or issue preclusion.  Plaintiffs will address these potential defenses, if and when they are raised by defendant, in their response to a new motion to dismiss.

4

1. Should Plaintiffs be provided opportunity to amend their Complaint again, Defendants will be filing a Motion to Dismiss. Potential defenses include issue preclusion and mootness of claims.

2. Claims IV-A and IV-C were decided on their merits in the *Harper* case. In his Order on the Merits dated March 25, 2024 (ECF No. 129 – *Harper v. Glass*), Judge Hinkle declared portions of Fla. Stat. § 943.0435(4)(a) unconstitutional, specifically the requirement to report in person a change of "permanent" or "temporary" "residence" as defined in Fla. Stat. § 775.21(2)(k) and (n), as well as declaring unconstitutional the requirement to provide confirmation to the DHSMV of the above changes. See below:

> IT IS ORDERED:
>
> 1. It is declared that Florida Statutes § 943.0435(4)(a) is unconstitutional to the extent it (a) requires a sex-offender registrant to report in person to the Florida Department of Highway Safety and Motor Vehicles ("DHSMV") a change of "permanent" or "temporary" "residence," as defined in Florida Statutes § 775.21(2)(k) and (n), that is not either a change of address of the kind that all holders of driver's licenses or identification cards must report or a change of the registrant's home or a change of the place where the registrant habitually lives, and (b) requires a sex-offender registrant to "provide confirmation" that the registrant has reported such information to DHSMV. Florida Statutes § 943.0435(4)(a), in all other respects, and § 943.0435(7) are constitutional on their face and as applied to the plaintiff and do not violate the *ex post facto* clause.

3. Defendant was ordered to provide a mechanism for reporting the above information online, within 60 days of the Order on the Merits. On May 16, 2024, Defendant filed a Notice of Compliance with the Order (ECF No. 138 – *Harper v. Glass*), advising FDLE has established a mechanism for reporting the above changes online as of May 15, 2024. See below:

### NOTICE OF COMPLIANCE

Defendant Mark Glass, pursuant to the Court's Order on the Merits, ECF No. 129 at p. 26, hereby provides the following notice:

Effective May 15th, 2024, the Florida Department of Law Enforcement has implemented a mechanism whereby sexual offenders may report online any change in "permanent residence" or "temporary residence," as defined in sections 775.21(2)(k) and (n), Florida Statutes, and as required by section 943.0435(4)(a), Florida Statutes, that is not a change of address, change of the registrant's home, or change of the place where the registrant habitually lives.

Therefore, it appears that claims IV-A and IV-C have been remedied. No other remedy can be afforded.

4. Defendant does not object to the 45-day extension of time Plaintiffs have requested to file their Motion for Leave to Amend and takes no position on the motion at this time.[4]

                      Respectfully submitted,

                      s/*Valerie Jonas*
                      VALERIE JONAS
                      Florida Bar No. 616079
                      valeriejonas77@gmail.com
                      WEITZNER AND JONAS, P.A.
                      40 NW 3rd Street, Suite 200
                      Miami, FL 33132-1430
                      Phone (305) 527-6465
                      Counsel for Plaintiffs

                      s/*Todd G. Scher*
                      TODD G. SCHER
                      Fla. Bar No. 0899641
                      tscher@msn.com
                      Law Office of Todd G. Scher, P.L.
                      1722 Sheridan Street #346
                      Hollywood, FL 33020
                      Tel:  754-263-2349
                      Fax: 754-263-4147
                      Counsel for Plaintiffs

---

[4] It is unclear why Plaintiffs read *Rosell* to mean they must now add claims IV-A and IV-C, a change in position since the last status report.  Defendant disagrees that *Rosell* necessitates that.

/s/ Martha Hurtado
MARTHA HURTADO
Senior Assistant Attorney General
Florida Bar No. 103705
Office of the Attorney General
110 S.E. 6th Street, 10th Floor
Fort Lauderdale, Florida 33301
Telephone: 954-712-4600
Facsimile: 954-527-3702
Martha.Hurtado@myfloridalegal.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed today, May 22, 2024, the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all persons registered to receive electronic notification for this case, including all opposing counsel.

By:   *Todd G. Scher*
      TODD G. SCHER